W. L. Kinsman, Administrator of the Estate of Guy Zarring, Deceased, Appellant, v. Victor Peterson and Gordon Peterson, Appellees.

Gen. No. 9,176.

2

Heard in this court at the February term, 1937. Opinion filed April 14, 1937. Rehearing denied June 21, 1937.

MALO & BELL, of Watseka, and SCHNEIDER & SCHNEIDER, of Paxton, for appellant.

ROSCOE C. SOUTH, of Watseka, for appellees.

MR. JUSTICE WOLFE delivered the opinion of the court.

W. L. Kinsman, as administrator of the estate of Guy Zarring, deceased, brought suit in the circuit court of Iroquois county, against the defendants, Victor Peterson and Gordon Peterson, to recover damages for the alleged wrongful death of plaintiff intestate, caused by an automobile accident which occurred on January 15, 1935.

The amended complaint consists of seven counts, alleging that on the 15th of January, 1935, Victor Peterson was the owner and in possession of an automobile; that Gordon Peterson, his son, was then and there driving said automobile at the request and direction of, and about the business of his father, Victor Peterson; that Zarring, as he drove along on the public highway, was lawfully on said highway, and that he exercised due care and diligence for his own safety; that Gordon Peterson so carelessly and negligently managed and drove said automobile, that he ran against and upon said Guy Zarring, and then and there killed him.

The first count charges general negligence. The other counts charge negligence, running at too great a speed, not having the automobile equipped with good and efficient brakes, and driving at a greater rate of speed than was reasonable and proper—having regard

for the traffic, etc. They ask damage in the sum of $10,000.

The defendants, in their answer, admit the death of Guy Zarring, but deny the averments of any and all negligence charged in each of the counts in the complaint.

Victor Peterson filed a special plea denying that Gordon Peterson was driving the car at his request or direction, or about his father's business, and denied that Gordon Peterson was a servant or agent of the defendant, Victor Peterson, at the time and place in question, as averred in the complaint.

Trial was had before a jury, which found the issues for the defendants, and after the usual motion, the court entered judgment on the verdict, and it is from this judgment that the case is brought to this court for review.

Mr. Zarring was driving north between Paxton and Loda, Illinois, on route No. 45, on January 15, 1935. He was driving a horse attached to a wagon, about five o'clock, p. m. Frank Hitchens, who was living at Loda, Illinois, was driving his automobile northward at the time, and collided with the wagon of Zarring. Zarring was knocked out of his wagon by the impact of Hitchens' car. Hitchens got out of his car and went to where Zarring was lying on the road. At this time Laurence Thilmony and his sister Theresa Thilmony were driving from the north toward the place of the accident and stopped on the west side of the road, and they got out onto the road where Zarring was lying. There was some discussion as to where Mr. Zarring should be taken. Just as they were about to remove Mr. Zarring from the road, a car driven by Gordon Peterson came from the south. Mr. Thilmony and Mr. Hitchens jumped out of the way of the Peterson car, and the car ran over Mr. Zarring and crushed him so that he died immediately. There is no evidence as

to the rate of speed that Peterson was driving as he approached the scene of the accident.

The evidence shows that Gordon Peterson was driving his father's car on the night in question; that he is a son of Victor Peterson; that he was taking his sister and two other girls to a show in Paxton; that Gordon Peterson had asked his father for the use of the car to take the girls to the show. After a motion for a new trial had been filed, an additional motion was filed, alleging that Gordon Peterson was a minor, and that the court could not proceed under the law without first appointing a guardian *ad litem*. A guardian *ad litem* was appointed at the request of the plaintiff's attorney, but the motion for a new trial was overruled. The appellant insists that the verdict of the jury is manifestly against the weight of the evidence, but as the verdict must be reversed and remanded for other reasons, we do not attempt to say whether the verdict is, or is not, against the manifest weight of the evidence.

The appellant alleges that all of the instructions that the court gave in behalf of the defendant are erroneous; therefore, the judgment should be reversed. The appellee insists that the appellant is not in a position to raise these questions as the instructions are not set forth in the brief and argument. It would be much more convenient for a court of review if these instructions were in the brief and argument, so that we could follow the arguments of the attorneys when they are discussing a particular instruction, without having to turn to the abstract to see what the instruction is. The appellant has not argued the point in what manner some of the instructions are erroneous. The court will only consider those instructions that have been specifically criticised. It will be observed that quite a number of the defendants' instructions are on the theory that both of the defendants must be proven guilty of

negligence before the plaintiff is entitled to recover. This is not the law. The plaintiff does not charge that Victor Peterson was guilty of any negligence, but was the owner of the car, and that the son was operating it as the agent and servant, and therefore, he should be held liable for the accident of said agent. If the jury would follow these instructions, they could not help but find a verdict in favor of both defendants. The appellee claims that the error, if any, is cured by other instructions. We cannot agree to this contention. The mere giving of a form of verdict finding each of the defendants guilty or not guilty would not cure this defect. We think that defendants' instruction No. 5 was erroneous, as it assumes facts that should be left to the jury to decide. Whether the driver of the defendant's automobile was confronted with sudden danger, or apparent sudden danger, were questions of fact for the jury to decide.

It is not necessary to discuss the effect of the failure to call the court's attention during the trial of the case, that Gordon Peterson was a minor, and that he had no guardian *ad litem*. The guardian *ad litem* has been appointed for the said Gordon Peterson and the same error would not occur in the second trial of the case. The evidence is not contradicted that Victor Peterson was the owner of the automobile that caused the injury to Guy Zarring; that he gave his permission to his son, Gordon Peterson, to use the car and take his sister and two other young ladies to see the show. There is no evidence whatsoever, in the record, that Gordon Peterson was the agent or servant of his father, Victor Peterson, at the time of the accident in question. Since the decision of the case of *White v. Seitz*, 342 Ill. 266, "the family purpose doctrine" has not been recognized in this State. In order to hold Victor Peterson liable, the burden of proof was upon the plaintiff to prove that at the time of the accident in question,

Gordon Peterson was acting as servant or agent of his father. This he failed to do; therefore, there was no evidence in the record to hold the defendant, Victor Peterson, liable for the injuries complained of in this suit, and the judgment of the trial court will be affirmed as to Victor Peterson, and the judgment as to Gordon Peterson is hereby reversed, and the case remanded to the circuit court of Iroquois county.

*Affirmed as to Victor Peterson, and reversed and remanded as to Gordon Peterson.*